UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 03-10009 |
| Plaintiff, | * | |
| -vs- | * | OPINION AND ORDER |
| EMIL EARL LITTLE DOG, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant was convicted of four counts of aggravated sexual abuse of a child, one count of sexual contact, and one count of obstruction of justice. He was sentenced on March 29, 2004, to 360 months on each of the aggravated sexual abuse counts, 36 months on the sexual contact count, and 120 months on the obstruction count, all terms to run concurrently. He appealed and his convictions and sentences were affirmed on February 22, 2005. United States v. Little Dog, 398 F.3d 1032 (8th Cir. 2005).

Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 contending that he did not receive effective assistance of counsel. The motion was denied and he appealed. Both the District Court and the Court of Appeals denied a certificate of appealability. The Eighth Circuit dismissed the appeal in June 2011.

Defendant has now filed a "petition for relief" citing Fed. R. Civ. P. 60(b) and the All Writs Act, 28 U.S.C. § 1651. Rule 60(b)(6) authorizes the court to relieve a party from a final judgment for "any other reason that justifies relief." The All Writs Act authorizes Article III judges to issue "all writs necessary or appropriate in aid of their

respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

Defendant's motion challenges the validity of his convictions. Where a statute specifically addresses the particular issue at hand, it is that authority that provides a basis for relief. *See* Carlisle v. United States, 517 U.S. 416, 429, 116 S.Ct. 1460, 1467, 134 L.Ed.2d 613 (1996). The appropriate means to challenge federal court convictions and sentences is 28 U.S.C. § 2255, *see* United States v. Noske, 235 F.3d 405, 406 (8th Cir. 2000), or a writ of *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651, United States v. Camacho-Bordes, 94 F.3d 1168, 1171 n. 2 (8th Cir. 1996).

> Both writs are used to challenge a conviction or sentence, the main difference between the two being that coram nobis relief is available when the defendant is no longer in custody for the applicable conviction, while custody is a prerequisite for habeas relief.

United States v. Camacho-Bordes, 94 F.3d at 1173, n. 6. Petitioner is still in the custody of the Bureau of Prisons serving the sentences he is challenging. His projected release date is August 11, 2029. He is not entitled to challenge his convictions and sentences through a writ of error *coram nobis*.

It is clear that defendant seeks relief under Rule 60(b) and 28 U.S.C. § 1651 in order to avoid the requirement in 28 U.S.C. § 2244(b)(3) that he obtain authorization from the Court of Appeals to file a second or successive motion to vacate. *See* United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002). The United States Court of Appeals for the Eighth Circuit has instructed:

> It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure. Likewise, the certificate requirement under 28 U.S.C. § 2253(c)(1) may not be circumvented through creative pleading.

United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005) (internal citations omitted).

2

Defendant's motion "is the functional equivalent of a second or successive habeas petition under § 2255. Having failed to obtain the requisite certificate of appealability from the Court of Appeals, his motion must be denied." Collins v. United States, 2010 WL 599391 (D.S.D. February 16, 2010) (Lawrence L. Piersol, District Judge).

Now, therefore

IT IS ORDERED:

1. Defendant's motion, Doc. 215, for relief is denied.
2. Defendant's motion, Doc. 216, for the appointment of counsel is denied.
3. Defendant's motion, Doc. 217, for an evidentiary hearing is denied.
4. Defendant's motion, Doc. 218, for recusal, is denied.

Dated this 16th day of May, 2013.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Barbara J. Poeppe*
DEPUTY

(SEAL)